UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| DEMARCUS BESTER AND DONATHAN HOPSON | PLAINTIFFS |
| V. | CIVIL ACTION NO. 4:11CV60 DPJ-FKB |
| RICHARD H. TRAVIS, JR. AND ABITA BREWING CO., LLC | DEFENDANTS |

ORDER

This personal-injury case is before the Court on two motions in limine [88, 90] filed by Plaintiffs seeking exclusion of expert testimony. The motions have been briefed and were discussed with the parties during the February 8, 2013 pretrial conference. The Court finds the motions should be granted in part and denied in part as follows.

I.  Background

This case arises from a collision between the car driven by Plaintiff Donathan Hopson and the tractor-trailer driven by Defendant Richard Travis. Plaintiff Demarcus Bester was riding with Hopson in the passenger seat. Both Hopson and Bester seek compensation for permanent physical injuries, lost wages, loss of wage-earning capacity, pain and suffering and emotional distress, and past medical expenses.

II. Standards

Plaintiffs' motions are based on Federal Rules of Evidence 402, 403, and 702. The Fifth Circuit summarized the applicable standard for motions in limine as follows:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion

> to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotations omitted).

As for Rule 702, "[w]hether a proposed expert should be permitted to testify is case, and fact, specific." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006). Moreover, the district court retains "'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable." *Id*. (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999)). When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable. A party seeking to introduce expert testimony must show "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702) (citation omitted). The court should "make certain that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The gatekeeper function of the district court does not, however, replace trial on the merits. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

III. Analysis

    A. Motion in Limine to Exclude Certain Portions of the Testimony and Opinions of Defendants' Experts, Mark C. Webb, M.D., John Moriarty, M.D. and Bruce Brawner [88]

Plaintiffs' first motion in limine covers several issues, seeking to exclude anticipated expert testimony regarding alleged drug and alcohol use as well as testimony regarding the retention of counsel. Starting with experts, Plaintiffs move to exclude Dr. Webb's testimony that Hopson's mental health complaints could be due to his marijuana use; testimony regarding Bester's alcohol use; Dr. Moriarty's testimony about Hopson's positive tests for marijuana and opiates; and Brawner's testimony regarding drugs and alcohol.

Working backwards, Moriarity and Brawner merely note the drug, alcohol, and retention of counsel issues in their summary of the Plaintiffs' medical histories. The information is not related to their opinions and therefore lacks probative value as to those opinions. Fed. R. Evid. 402. In any event, gratuitously mentioning drug and/or alcohol use when it is not related to the opinions these experts offer violates Rule 403. Accordingly, neither Moriarty nor Brawner may testify regarding the drug and/or alcohol or retention of counsel issues noted in their reports.

Dr. Webb is different because he links the drugs and/or alcohol to the Plaintiffs' specific claims, noting that Bester's alcohol use and Hopson's drug use "could" account for their claimed injuries. *See* Webb Report for Bester [88-1] at 4; Webb Report for Hopson [88-2] at 4. The evidence is clearly relevant, and Webb is qualified to render his opinions. The question though is whether the opinions linking drugs and/or alcohol to the Plaintiffs' claims and conditions are sufficiently reliable. According to Plaintiffs, they are not because Webb neither explains his methodology nor offers his opinions to a reasonable degree of medical certainty.

3

Though neither party requested a hearing, the Court finds that a hearing is necessary. Dr. Webb's reports satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and Local Uniform Civil Rule 26(a)(2). But they lack sufficient information to evaluate his methodology, and there is no deposition testimony to flesh out the issue. Accordingly, the Court will grant Plaintiffs' motion without prejudice. Defendants may not reference Webb's opinions regarding drugs/alcohol until the Court has heard a proffer outside the presence of the jury. The Court is willing to conduct the hearing before trial, at trial but before the jury is seated, or during trial, depending on the parties' preference.

B. Motion in Limine to Exclude Certain Portions of the Testimony and Opinions of Defendants' Expert, David C. Collipp, M.D. [90]

Dr. Collipp conducted an independent medical examination of the Plaintiffs and rendered a number of opinions. Plaintiffs now claim that various statements in his report should be stricken under Rules 402, 403, and 702. First, they argue that Collipp's testimony fails to comply with Rule 702, challenging his qualifications and the substance of his opinions. Second, they contend that his comments regarding drugs and alcohol, whether Bester was a restrained in the motor vehicle, and the retention of counsel are irrelevant and prejudicial.

Starting with Rule 702, Plaintiffs first attack Dr. Collipp's qualifications, arguing that he lacks the particularized knowledge, skill, education, or experience to render his opinions. They rely primarily on *Bailey Lumber and Supply Co. v. Robinson*, in which the Mississippi Supreme Court concluded that an internal-medicine physician with a subspeciality in pulmonary medicine was not qualified to testify regarding causation of an orthopedic issue. 98 So. 3d 986, 994 (Miss. 2012). But *Bailey Lumber* correctly recalls Mississippi law when it states that "a physician does

4

not have to practice in, or be a specialist in, every area in which he offers an opinion, but he must demonstrate that he is 'sufficiently familiar with the standards' in that area by his 'knowledge, skill, experience, training, or education' to satisfy Rule 702." *Id*. at 992 (citation omitted). And in *Bailey Lumber*, the expert admitted his lack of qualifications as to subject areas he addressed. *Id*. at 994. This case is different. Dr. Collipp is board certified in the field of physiatry, a field related to physical medicine and rehabilitation. Defendants have gone to great lengths to demonstrate how Dr. Collipp's qualifications match the proffered opinions, Plaintiffs offered no reply, and for the reasons contained in Defendants' Memorandum [106], the Court finds that Dr. Collipp is qualified to render his causation opinions.

As for the relevance and reliability of those opinions, there can be no serious dispute that causation is a relevant issue for the jury. In fact, it may be the only issue because fault has been admitted. And as for reliability, Dr. Collipp offered his opinions to a reasonable degree of medical certainty with sufficient explanation and objective data to survive Plaintiffs' motion. As previously stated, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Finally, the Court agrees that Dr. Collipp should not testify regarding drugs/alcohol, use of a seat belt, or the retention of counsel. Defendants maintain that this information is relevant and not prejudicial. But Dr. Collipp never relies on any of it to form his opinions. So while issues like the retention of counsel and the drug/alcohol use may be relevant in a more general sense and potentially offered through other witnesses, it would be prejudicial to allow the experts

to gratuitously and repetitively place the information before the jury. And as to the seatbelts, the Court has already granted Plaintiffs' motion in limine on that issue. Order [122] Feb. 11, 2013.

IV. Conclusion

For the reasons stated, Plaintffs' Motion in Limine [88] is granted with respect to Moriarty and Brawner's statements regarding alcohol/drugs and the retention of counsel, and granted without prejudice as to Webb's testimony regarding alcohol/drugs. Plaintiffs' Motion in Limine [90] is denied as to Dr. Collipp's causation testimony and granted as to Collipp's statements regarding alcohol/drugs, retention of counsel, and seatbelt use. The parties are instructed to consult and then contact the Courtroom Deputy to set the Webb motion for further hearing or notify the Court that they will address the issue at trial.

**SO ORDERED AND ADJUDGED** this the 26th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE